[Civ. No. 239. Second Appellate District.—June 22, 1906.]

SAN PEDRO LUMBER COMPANY, Respondent, v. J. D. WEST, Appellant, and G. L. THURLOW, Codefendant.

MECHANICS' LIENS—NOTICE OF LIEN FOR MATERIALS—STATEMENT OF CONTRACT—CURRENT MARKET VALUE—ASCERTAINMENT BEFORE DELIVERY.—The statement of the contract in a notice of lien for materials furnished to the contractor that the price agreed to be paid therefor was the current market value of the materials, is not rendered untrue, by reason of the mere fact proved that the aggregate market value of the materials was ascertained before delivery, and was included in a listed bill showing an aggregate amount.

ID.—CONTRACT TO FURNISH ALL MATERIALS—VIOLATION BY CONTRACTOR—FORECLOSURE FOR MATERIALS FURNISHED.—Where the contract was correctly stated in the notice of lien as a contract to furnish all the materials to be used in the building, the amount required to complete the structure not being disclosed, the fact that the contractor afterward violated his contract and purchased some lumber from another party does not render untrue the statement of the contract, either in the complaint or in the notice of lien, and cannot preclude the foreclosure of the lien by plaintiff for all of the materials actually furnished by the plaintiff to be used in the construction of the building, and which were so used.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

John E. Daly, for Appellant.

H. C. Lawson, for Respondent.

ALLEN, J.—Judgment foreclosing lien of materialmen. Appeal by defendant West from the judgment and an order denying a new trial.

It appears that defendant Thurlow contracted to construct a building for appellant West for a sum in excess of a thousand dollars. That plaintiff corporation agreed with Thurlow to furnish all materials to be used in such construction, the same to be paid for at the market value and at a date not later than the completion of such building. It may be inferred that Thurlow agreed to buy all of such materials from plaintiff. That under this contract plaintiff furnished for use, and there was used in such construction, lumber of the value of $873.25, less $25 worth of lumber not used in the construction of the building, upon which payments to the amount of $470 were made, leaving unpaid at the date of the filing of the lien $378.25. That the lien was regularly filed within the time required by law. Judgment was rendered against the contractor for the full amount unpaid, and a lien to the extent of $378.25 was declared against appellant's property, together with attorney's fee and costs of recording lien; and the lien was foreclosed and appellant's property ordered to be sold in default of payment.

Appellant's chief contention is that the lien declared upon and filed did not contain a true statement of the actual contract, and that the findings of the court that the contract was as set out in the lien has no support in the evidence. We think that there is nothing in this contention. It appears from the evidence that plaintiff, after receiving a list of the materials required by the contractor at that time, figured up the value of such order at current market rates, which was a certain list price less certain deductions, and the aggregate amounted to $873.25, for which sum plaintiff agreed to furnish such materials so ordered and comprehended within the bill. The mere fact that the aggregate market value was ascertained before delivery did not change the nature of the

contract as established by the evidence.   The price agreed to be paid was the current market value of the materials.

It is contended further that the record shows that certain other dressed and planed lumber was purchased by the contractor from one Stephens, and by Stephens furnished and by the contractor used in the construction of said building; and a lien was filed therefor, which was assigned by Stephens to the plaintiff and relief asked on account thereof in the complaint; and that by reason thereof it affirmatively appears that plaintiff never carried out its contract.   This cannot be maintained.   The notice of lien stated that the plaintiff was, by its agreement, to furnish all the materials at current rates and it delivered certain materials.   Neither the contract nor the notice of lien purported to state the aggregate of all materials necessary to complete the structure.   It may be true, and the record discloses, that the contractor, after making his contract with the plaintiff and ordering and receiving part of the lumber, in violation of such contract purchased part of the material elsewhere.   This being true in no wise renders the statement as to the contract, either in the complaint or notice of lien, untrue.   The only thing it demonstrates is that the contractor did not avail himself of the contract with plaintiff, but this did not prevent the plaintiff from filing a lien based upon the contract for such materials as it actually furnished thereunder.   It may be observed that no lien was given for the materials furnished by Stephens. Why this is so is not made to appear in the record, but appellant cannot complain that his property is relieved from a burden which might have been, but was not, imposed upon it. The statement in the notice of lien that plaintiff furnished materials for the contractor, that they were used in the construction of a building belonging to appellant, and the other statements showing that they were furnished so to be used, with the other statements contained in the notice of lien, were sufficient notice of lien, and to entitle the plaintiff to its relief.

The motion for nonsuit was properly denied, and we see no error prejudicial to appellant in the record.

The judgment and order are affirmed.

Smith, J., and Gray, P. J., concurred.